UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NANCY ALANIS,<br><br>    *Plaintiff*,<br><br>v.<br><br>WELLS FARGO NATIONAL ASSOCIATION, as Trustee for the Pooling & Servicing Agreement Dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006 NC3, ET AL.,<br><br>    *Defendants*, | Civil Action No.  SA-11-CV-800-XR |

**REMAND ORDER**

On this date, the Court considered Plaintiff Nancy Alanis's motion to remand (docket no. 3), and the response thereto. After careful consideration, the Court will grant the motion.

Defendants Wells Fargo National Association and Ocwen Loan Servicing, LLC removed this case to this Court on September 28, 2011 on the basis of federal question jurisdiction  Plaintiff originally filed this lawsuit in state court on February 22, 2011 to stop a threatened foreclosure. The original petition asserted state-law claims for breach of contract, violations of the Texas Finance Code and the DTPA, and violations of the Texas Property Code. Plaintiff served Wells Fargo, Ocwen, and HomEq Servicing Corporation. HomEq failed to answer, and a default judgment was taken against it, while Ocwen and Wells Fargo appeared and filed answers. Plaintiff did not serve the other defendants, who are various substitute trustees.

1

On August 31, 2011, Plaintiff filed a First Amended Original Petition and Application for Injunctive Relief. Defendants assert that this was the first time the case became removable, because Plaintiff first included federal claims under the Federal Debt Collection Practices Act and RESPA. On September 27, 2011, Plaintiff filed a Second Amended Petition that also included these claims. Defendants assert that removal is timely because they filed their Notice of Removal within thirty days of receipt of Plaintiff's First Amended Petition.

On October 14, 2011, Plaintiff timely filed her motion to remand. Plaintiff asserts that this case should be remanded because: "(A) *Notice To Transfer* is improper, (B) Lack 'standing' to transfer this claim to federal court, (C) Failed to timely file their *Notice of Transfer* and concealed litigation history from the Court, (D) Failed to comply with procedural rules for state law claims, and (E) There was no [u]nanimous consent to the removal."

In support of the first ground, Plaintiff cites to § 1446(a), which states that the notice of removal must be signed by the attorney subject to the certification requirements of Rule 11, and then cites the requirements of Rule 11. It is unclear what Plaintiff intends by this argument. The notice of removal is signed by Jeffrey Hiller, attorney for Defendants. To the extent that Plaintiff asserts that the Mr. Hiller has violated Rule 11, Plaintiff has failed to demonstrate any facts in support of this argument. Accordingly, the Court declines to find that Mr. Hiller has violated Rule 11.

The Court further rejects Plaintiff's argument that Defendants lack standing to remove. Plaintiff argues that "Wells Fargo had no standing to pursue an action for foreclosure" and presents various arguments concerning why Wells Fargo is not entitled to foreclose. However, none of this affects whether Wells Fargo has standing to remove. Plaintiff does not dispute that she sued Wells Fargo in state court. Wells Fargo, as a defendant, may remove the case to this Court if this Court

would have had original jurisdiction over the claims. This depends on whether Plaintiff asserts federal claims in the lawsuit, not whether Wells Fargo has standing to foreclose. Thus, this argument lacks merit.

Plaintiff does assert other various procedural defects, however. The Court need not address Plaintiff's argument that the removal is untimely or that Defendants have waived the right to remove by proceeding to defend the action in state court, because the Court finds that Plaintiff's argument that Defendants failed to obtain unanimous consent has merit.

Plaintiff contends that removal was procedurally defective because Wells Fargo failed to obtain the consent of all defendants. Plaintiff argues that "Defendants failed to unanimously file a Notice of Transfer within the requisite 30 days." Defendant responds that the only Defendants that were served were Wells Fargo, Ocwen, and HomEq. Those Defendants who were formally served with process are required to consent to the removal; those defendants who were not formally served (i.e., the substitute trustees) were not required to consent.

The record indicates that Wells Fargo, Ocwen, and HomEq were served. HomEq defaulted, and default judgment was entered. Plaintiff moved to sever HomEq based on the default judgment, but Defendant moved for a continuance of the motion to sever. There is no indication in the record that the severance was ever granted. Accordingly, HomEq remains a party to his lawsuit, even though in default. The Court must thus determine whether its consent was required for removal.[1]

---

[1] Although Plaintiff complains of the lack of unanimous consent because the un-served parties did not join in the removal, and she does not complain specifically about HomEq's lack of consent, she has raised a valid procedural defect to the removal. Further, because a motion to remand has been filed, the Court may remand on any appropriate basis, even though not raised by the motion for remand. *Shexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004).

"The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir.1999). Defendants do not expressly address whether HomEq's consent was required by the rule of unanimity, apparently assuming that HomEq, as a party in default, is not required to consent. However, that assumption is not supported by the case law.

In *Carr v. Mesquite Indep. Sch. Dist.*, Civ. A. No. 3:04-CV-0239, 2004 WL 1335827 (N.D. Tex. June 14, 2004), the defendants removed without obtaining the consent of a party against whom plaintiff had taken an interlocutory default judgment. Judge Fitzwater concluded that the notice of removal was procedurally defective for lack of unanimity, and that the defect could not be cured by a post-removal severance. Accordingly, he granted the plaintiff's motion to remand.

In *American Asset Finance LLC v. Corea Firm*, Civ. A. No. 2:11-CV-4417, __ F. Supp. 2d ___, 2011 WL 5190043 (D.N.J. Oct. 27, 2011), the court also remanded a case that had been removed without the consent of a defaulting party. The court rejected the argument that a defaulting party was a "nominal party" without a real interest in the litigation. Rather, the court noted that entry of a default judgment demonstrates that real claims were asserted against the party. In rejecting the defendants' argument that "[t]he notion that Defendant should be required to track down and obtain the consent of parties who have failed to appear in an action, and have had final judgment entered against them[,] is absurd," the court reasoned that "removal statutes are strictly construed against removal in part as a gatekeeping function for the federal courts, and remand has been granted in cases where the removing defendant was in all likelihood unable to obtain the co-defendant's consent." *Corea Firm*, __ F. Supp. 2d at ___. As an example, it cited a federal court that found that remand

is proper for failure of some defendants to join in the notice of removal even where the non-joining defendants were served by publication because they could not be found. *Id.* (citing *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003)).[2]

In *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1298 (N.D. Fla. 2004), the court concluded that "it is possible under some circumstances for the unanimity requirement to be excused with respect to a defaulted defendant who has not appeared." However, it held,

> in order to excuse such consent, the removing defendant must allege with specificity in its petition for removal, and prove upon challenge by a timely motion to remand, that the removing defendant has unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent. Conclusory allegations in an affidavit are insufficient. Instead, to sustain its burden on removal, the removing defendant must describe what efforts it took and those efforts must be consistent with the exercise of reasonable diligence, similar to that necessary for a plaintiff to establish a basis for substitute service.

In *First Independence Bank v. Trendventures, L.L.C.*, 2008 WL 253045 (E.D. Mich. Jan. 30, 2008), the court declined to recognize the *White* court's exception to the unanimity rule because it failed to city any federal law in support of the exception, nor had it been recognized by any federal appellate court. And recently, in *Office Building LLC v. Castlerock Sec.*, Civ. A. No. 10-61582, 2011 WL 1674963 (S.D. Fla. May 3, 2011), the court held that as long as the defaulted party remains part of the lawsuit, even after final default judgment was entered against it, failure to obtain its consent renders removal defective.

The court has located only decision in which a court has denied a motion to remand based on

---

[2] The *Corea Firm* court cited to another district court case that considered whether the presence of a non-diverse defaulting party would destroy diversity jurisdiction – *Schlegle & Sons Printing v. United English Breeders & Fanciers Assoc., Inc.*, 682 F. Supp. 36, 37 (C.D. Ill.1988). The court in that case concluded that the defaulting party was not nominal because it would have to enforce the default judgment against the party.

the failure to obtain consent of defaulting defendants. In *Cuen v. Tucker*, Civ. A. No. 09-CV-1904, 2009 WL 4049151 (S.D. Cal. Nov. 20, 2009), Plaintiffs did not serve the defaulting defendants with the Third Amended Complaint, upon which removal was based. The court held that the removing defendants were not required to obtain the defaulting defendants consent because the Plaintiffs intended "to rely on the defaults rather than litigate their claims against these Defendants." However, pursuant to Rule 5(a)(2), the plaintiffs would not have been required to serve copies of any amended pleadings on the defaulting parties unless they asserted a new claim against the defaulting parties. FED. R. CIV. P. 5(a)(2). Thus, failure to serve the defaulting parties with an amended pleading does not speak to the issue of whether the consent of such parties is required for removal.

Accordingly, the Court finds that Plaintiff's assertion that the removal was procedurally defective has merit, and that it requires this case to be remanded. The motion to remand (docket no. 3) is GRANTED. This case is remanded pursuant to 28 U.S.C. §§ 1447(c), (d).

It is so ORDERED.

SIGNED this 12th day of January, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE